Matter of Dulay v Oriska Ins. Co.

2026 NY Slip Op 03338

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of the Claim of Chanel Dulay, Claimant,

v

Oriska Insurance Company, Appellant, et al., Respondent. Workers' Compensation Board, Respondent. (And Another Related Claim.)

Decided and Entered:May 28, 2026

CV-24-1589

Calendar Date: April 21, 2026

Before: Garry, P.J., Reynolds Fitzgerald, Ceresia, Powers And Mackey, JJ.

Michael J. Garcia, Utica, for appellant.

Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

[*1]

Reynolds Fitzgerald, J.

Appeals from three decisions of the Workers' Compensation Board, filed March 22, 2023 and August 21, 2024, which ruled, among other things, that decedent's death was causally related to his employment and established claimant's claim for workers' compensation death benefits.

In March 2020, claimant's father (hereinafter decedent) was a physical therapist assistant assigned to work with nursing home patients in the Bronx. Decedent contracted COVID-19 in late March 2020 and was admitted to a hospital on April 3, 2020, where he tested positive for COVID-19 and ultimately died on May 10, 2020. Shortly after his death, claimant, decedent's daughter, filed the instant claim for compensation in a death case (hereinafter the death benefits claim) on behalf of her and her siblings. In October 2020, claimant also filed a claim for workers' compensation benefits (hereinafter the lifetime claim) for the period between when decedent was hospitalized for COVID-19 and when he died, alleging that decedent contracted COVID-19 while working with, and exposed to, patients who had COVID-19. A Workers' Compensation Law Judge (hereinafter WCLJ) directed the two claims to travel together, and both claims were controverted by the workers' compensation carrier. Following, among other things, a July 2023 hearing, a WCLJ, in two separate July 31, 2023 decisions, established the lifetime claim, finding that the prevalence of COVID-19 in decedent's workplace justified a finding that decedent contracted the virus during the course of his employment, and the death benefits claim, concluding that decedent sustained a work-related injury resulting in death. The carrier thereafter sought administrative review (RB-89 form) of the WCLJ's decision establishing the death benefits claim. In an August 2024 decision, the Workers' Compensation Board affirmed the decision of the WCLJ establishing the death benefits claim, finding that the medical evidence showed that decedent's death was a consequence of his causally related COVID-19. The Board noted that the carrier had not submitted any medical evidence to the contrary, did not dispute that decedent died as a result of COVID-19 and its complications and failed to file an application for review of the WCLJ decision establishing the lifetime claim. The carrier appeals from the Board's August 2024 decision, and we affirm.FN1

As an initial matter, we agree with the Board that the carrier's contentions regarding the Board's establishment of the lifetime claim are, as the Board found, not properly raised, as the carrier failed to pursue administrative review of the WCLJ's July 31, 2023 decision establishing the lifetime claim. In its RB-89 form seeking administrative review, the carrier listed only the death benefits claim in box one and did not seek review of the separate July 31, 2023 WCLJ decision establishing the lifetime claim (see generally 12 NYCRR 300.13 [b] [2]). We also agree with the Board that the carrier failed to adequately raise [*2]arguments concerning the WCLJ's establishment of the death benefits claim in its application for administrative review. In its legal brief accompanying the RB-89 form, the carrier did not dispute that decedent died of COVID-19 and only raised arguments pertaining to the merits of the lifetime claim, of which, as previously noted, the carrier failed to seek review. Accordingly, we discern no error in the Board's finding that the carrier failed to provide medical evidence or raise any arguments contesting the WCLJ's finding in the death benefits claim that decedent died as a result of the COVID-19 virus (see Matter of Flores v Wellwood Cemetery Assoc. Inc., 232 AD3d 1003, 1004 n [3d Dept 2024]; see also 12 NYCRR 300.13 [b] [2]). To the extent that we have not addressed any of the parties' remaining contentions, they are without merit or academic in light of our determination.

Garry, P.J., Ceresia, Powers and Mackey, JJ., concur.

ORDERED that the appeals from the two decisions filed March 22, 2023 are dismissed, without costs.

ORDERED that the decision filed August 21, 2024 is affirmed, without costs.

Footnotes

Footnote 1

To the extent that the carrier purports to appeal from the Board's March 22, 2023 decisions in both claims, its September 2024 notice of appeal is untimely, and the Board's March 2023 decisions are therefore not properly before us for review and that aspect of the appeal must be dismissed (see Workers' Compensation Law § 23; Matter of Whitmore v Carrier Corp., 50 AD3d 1404, 1404 [3d Dept 2008], appeal dismissed 10 NY3d 954 [2008]).